**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILSON WAI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MARQETA, INC., SIMON KHALAF, and MICHAEL MILOTICH, <br><br> Defendants. | Case No. 4:24-cv-08874-YGR <br><br> **NOTICE OF MOTION AND MOTION OF MOVANT MICAH VELASQUEZ TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> <u>CLASS ACTION</u> <br><br> Judge: Yvonne Gonzalez Rogers <br> Hearing: March 18, 2025 <br> Time: 2:00 PM <br> Ctrm: 1 – 4th Floor (Oakland) |
| DAVID FORD, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MARQETA, INC., SIMON KHALAF, and MICHAEL MILOTICH, <br><br> Defendants. | Case No. 4:24-CV-08892- YGR <br><br> Judge: Yvonne Gonzalez Rogers |

1

NOT. OF MTN. AND MTN. OF MICAH VELASQUEZ TO CONSOLIDATE RELATED ACTIONS, FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF
4:24-cv-08874-YGR

**PLEASE TAKE NOTICE** that on March 18, 2025 at 2:00 PM before the Honorable Yvonne Gonzalez Rogers in the Oakland Courthouse, Courtroom 1 – 4th Floor, 1301 Clay Street, Oakland, CA 94612, Movant Micah Velasquez ("Movant") will and does move this Court for an order granting the Motion: (a) consolidating the related actions, (b) appointing Movant as Lead Plaintiff; and (c) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel. This Motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B) and Federal Rule of Civil Procedure 42(a), on the grounds that: (1) the related actions should be consolidated as they involve common questions of law and fact and consolidation would promote judicial economy; (2) Movant should be appointed as Lead Plaintiff for the class of purchasers of Marqeta, Inc. ("Marqeta" or the "Company") securities between May 7, 2024 and November 4, 2024,[1] both dates inclusive, as Movant timely made this Motion, has the largest financial interest and otherwise satisfies the pertinent requirements of Federal Rule of Civil Procedure 23; and (3) that Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel should be approved as the firm is well-qualified with extensive experience in cases of this type.

In support of this Motion, Movant files herewith a memorandum of points and authorities, the Declaration of Laurence M. Rosen, the certification of Laurence M. Rosen pursuant to LR 3-7(d), a certification pursuant to LR 3-15, and a proposed order.

---

[1] This class period reflects the broader of the proposed class periods between the two actions. A more inclusive class period is favored at the lead plaintiff stage. *See e.g., In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113- 114 (E.D.N.Y. 2012) (court favoring a broader class which "encompasses more potential class members" early in the litigation at the lead plaintiff stage); *Deering v. Galena Biopharma, Inc.,* 2014 WL 4954398, at *10 (D. Or. Oct. 3, 2014) (recognizing that courts commonly select "most inclusive class period" at lead plaintiff stage).

NOT. OF MTN. AND MTN. OF MICAH VELASQUEZ TO CONSOLIDATE RELATED ACTIONS, FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF
4:24-cv-08874-YGR

**MEMORANDUM OF POINTS AND AUTHORITIES**

Movant Micah Velasquez ("Movant"), respectfully submits this memorandum in support of its motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1)    consolidating the above-captioned related actions;

(2)    appointing Movant as Lead Plaintiff for all persons other than defendants who purchased Marqeta, Inc. securities between May 7, 2024, and November 4, 2024, both dates inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(3)    appointing The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## I.    CLAIMS ASSERTED

On December 9, 2024, undersigned counsel filed the first-filed action, *Wai v. Marqeta et al.* No. 4:24-cv-08874-YGR, against the Company, Simon Khalaf, and Michael Milotich for violations under the Exchange Act, with a Class Period of May 7, 2024, through November 4, 2024. That same day, early notice pursuant to the PSLRA advising class members of, among other things, the allegations and claims in the complaint, the Class Period, and of their option to seek appointment as Lead Plaintiff was issued. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration").

The next day, December 10, 2024, a substantially similar action, *Ford v. Marqeta et al.* No. 4:24-CV-08892-YGR was filed. The two cases are substantially similar but for the start of the class period, which the *Ford* action extends backwards to May 7, 2024, which is three months

NOT. OF MTN. AND MTN. OF MICAH VELASQUEZ TO CONSOLIDATE RELATED ACTIONS, FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF
4:24-cv-08874-YGR

earlier than the start of the *Wai* class period. The class period and defendants between the two actions are otherwise identical.

Defendant Marqeta describes itself as the creator of a digital payment technology for innovation leaders. The complaints allege that during the Class Period Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts, related to Marqeta's lackluster investment in compliance and program management capabilities in the face of increasing regulatory scrutiny.

The truth emerged on November 4, 2024, when the Company reported its third quarter results. The Company's release stated that it would be cutting its fiscal year 2025 growth outlook and that its "fourth quarter guidance reflects several changes that became apparent over the last few months with regards to the heightened scrutiny of the banking environment and specific customer program changes."

During the same-day earnings call, Defendant Milotic stated that:

> We expect Q4 net revenue growth to be between 10% and 12% and Q4 gross profit growth to be between 13% and 15%, a 6- and 9-point reduction, respectively, compared to what we shared in early August. The change in our expectations is primarily driven by 2 factors, both of which stem to some degree from the heightened regulatory environment from our bank partners.

On this news, the price of Marqeta's stock declined from $5.95 per share on November 4, 2024, to $3.42 per share on November 5, 2024. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

# ARGUMENT

## I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a); *see also Richardson v. TVIA*, 2007 WL 112344, at *2 (N.D. Cal. Apr. 16, 2007).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned related actions in this District allege similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder by the Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as

5

practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, having the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

**A. Movant Is Willing to Serve as Class Representative**

Movant timely filed the instant motion in response to a PSLRA early notice, and filed herewith a PSLRA certification attesting that Movant is willing to serve as a representative of the Class and is willing to provide testimony at deposition and trial, if necessary. *See* Rosen Decl., Ex. 2 (PSLRA certification). Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

**B. Movant Has the Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group … that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA

does not specify precisely how to calculate the "largest financial interest," the movant's approximate losses in the subject securities is the best measure. *Richardson,* 2007 WL 1129344 at * 4 (citing cases).

Movant lost approximately $3,052 in connection with purchases of Marqeta common stock during the Class Period. *See* Rosen Decl., Ex. 3 (Movant's Loss Chart). Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

## C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*,

306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all of the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the Class, and Movant's claims are typical of the members of the Class. Movant and all members of the Class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about Marqeta and its business. Movant, as all of the members of the Class, purchased the Company's securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the Class.

Thus, the close alignment of interests between Movant and other Class members, and Movant's desire to prosecute this action on behalf of the Class, provides ample reason to appoint Movant as Lead Plaintiff.

**D. Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant is not aware of any unique defenses that Defendants could raise against it that would render Movant inadequate to represent the Class. Movant has researched and retained competent and experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between their claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Marqeta stock, and is therefore extremely motivated to pursue the claims in this action.

Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

Further, Movant is a sophisticated investor with over 10 years of investing experience. He holds a bachelor's degree in economics and finance and a Master of Business Administration degree. He is employed as a senior risk manager at a financial institution, in addition to being a professor of business and finance at a state college.

## III.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching the Class's and the Movant's claims, including reviewing publicly available financial and other documents and gathering information in support of the claims against the Defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in numerous courts

throughout the nation. Rosen Law has prosecuted securities fraud class actions and other complex litigation and has obtained substantial recoveries on behalf of investors. The resume of the firm is attached as Exhibit 4 to the Rosen Declaration.

As a result of the firm's experiences in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable it to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of counsel, the members of the Class will receive the best legal representation available.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the related actions; (2) appointing Movant as Lead Plaintiff of the Class; (3) approving Rosen Law as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: February 7, 2025                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

NOT. OF MTN. AND MTN. OF MICAH VELASQUEZ TO CONSOLIDATE RELATED ACTIONS, FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF
4:24-cv-08874-YGR

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On February 7, 2025, I electronically filed the following **NOTICE OF MOTION AND MOTION OF MOVANT MICAH VELASQUEZ TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on February 7, 2025.

/s/ Laurence M. Rosen
Laurence M. Rosen

11