Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles H. Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
  *prajesh@glancylaw.com*
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant Tyler Hogge
and Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILSON WAI, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARQETA, INC., SIMON KHALAF, and MICHAEL MILOTICH,<br><br>Defendants. | Case No. 4:24-cv-08874-YGR<br><br>**NOTICE OF MOTION AND MOTION OF TYLER HOGGE FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: March 18, 2025<br>Time: 2:00 p.m.<br>Crtrm.: 1 – 4th Floor<br>Judge: Yvonne Gonzalez Rogers |
| DAVID FORD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MARQETA, INC., SIMON KHALAF and MICHAEL MILOTICH,<br><br>Defendants. | Case No. 4:24-cv-08892-YGR |

MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL
Case No. 4:24-cv-08874-YGR

**NOTICE OF MOTION AND MOTION**

**TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on March 18, 2025, at 2:00pm, or as soon thereafter as the matter can be heard in the courtroom of the Honorable Yvonne Gonzalez Rogers, in Courtroom 1, 4th Floor, 1301 Clay Street, Oakland, CA 94612, Tyler Hogge ("Hogge") will move this Court for entry of an Order: (i) consolidating the above-captioned actions; (ii) appointing Hogge as Lead Plaintiff; (iii) approving Hogge's selection of Glancy Prongay & Murray LLP as Lead Counsel; and (iv) granting such other and further relief as the Court may deem just and proper.

This motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and the Federal Rules of Civil Procedure. In support of this Motion, Hogge submits a Memorandum of Points and Authorities in support thereof and the Declaration of Charles H. Linehan and the exhibits attached thereto, and all of the prior pleadings and other files in this matter, and such other written or oral arguments as may be permitted by the Court.

This motion is made on the grounds that Hogge is the most adequate plaintiff, as defined by the PSLRA, based on his significant losses suffered as a result of the Defendants' wrongful conduct as alleged in the above-referenced actions. Further, Hogge satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he will fairly and adequately represent the interests of the class.

## STATEMENT OF THE ISSUES TO BE DECIDED

1. Whether the Court should consolidate the above-captioned related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

2. Whether the Court should appoint Tyler Hogge as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

3. Whether the Court should approve Lead Plaintiff's selection of Glancy Prongay & Murray LLP as Lead Counsel for the Class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

## MEMORANDUM OF POINTS AND AUTHORITIES

Tyler Hogge ("Hogge") respectfully submit this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*. (the "PSLRA") for an Order: (1) consolidating the above-captioned actions; (2) appointing Hogge as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Hogge's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I. PRELIMINARY STATEMENT

This is a class action on behalf of investors that purchased or otherwise acquired Marqeta, Inc. ("Marqeta" or the "Company") securities between May 7, 2024 and November 4, 2024, inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the "most adequate plaintiff" as lead plaintiff—*i.e. The* plaintiff most capable of adequately representing the interests of class members. The PSLRA also provides a presumption that the most adequate plaintiff is the person or group of persons with the largest financial interest in the relief sought by the class who otherwise satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure.

Hogge has "the largest financial interest in the relief sought by the class" as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Hogge satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims, and he is committed to fairly and adequately

representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Hogge respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Hogge's selection of GPM as lead counsel for the class should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.     FACTUAL BACKGROUND

Marqeta creates digital payment technology, providing all of its customers issuer processor services and, for most of its customers, it also acts as a card program manager. The Company primarily earns revenue from processing card transactions for its customers.

The complaints filed in this action allege that throughout the Class Period, Defendants made false and/or misleading statements and failed to disclose material adverse facts about Marqeta's business. Specifically, Defendants failed to disclose to investors that: (1) Marqeta's investment in compliance and program management capabilities were inadequate to deal with regulatory scrutiny facing its banking partners leading to significantly longer onboarding delays for new customers; and (2) as a result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis at all relevant times.

On November 4, 2024, Marqeta released weaker-than-expected third quarter 2024 financial results and fourth quarter 2024 guidance. The Company explained its "guidance reflects several changes that became apparent over the last few months with regards to the heightened scrutiny of the banking environment and specific customer program changes."

On this news, Marqeta's stock price fell $2.53, or 42.5%, to close at $3.42 per share on November 5, 2024, thereby injuring investors.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Hogge and other class members have suffered significant losses and damages.

MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS, AND APPROVAL OF COUNSEL
Case No. 4:24-cv-08874-YGR

3

### III.   PROCEDURAL BACKGROUND

On December 9, 2024, Plaintiff Wilson Wai commenced the first securities class action against Marqeta, certain of its officers captioned *Wai v. Marqeta, Inc.*, No. 4:24-cv-08874-YGR (the "*Wai* Action"). This action was brought on behalf of investors who purchased or otherwise acquired Marqeta securities between August 7, 2024 and November 4, 2024.

On December 10, 2024, Plaintiff David Ford commenced a substantially similar lawsuit, captioned *Ford v. Marqeta, Inc.,* No. 4:24-cv-08892-YGR (the "*Ford* Action," and together with the *Wai* Action, the "Related Actions."). The *Ford* Action also alleges claims against Marqeta on behalf of all persons and entities who purchased or otherwise acquired Marqeta securities between May 7, 2024 and November 4, 2024.

### IV.   ARGUMENT

#### A.   The Related Actions Should Be Consolidated

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore, consolidation would avoid unnecessary cost, delay, and overlap in adjudication. *See* Fed. R. Civ. P. 42(a); *see also Russo v. Finisar Corp.*, No. 11-cv-1252, 2011 WL 5117560, at *3 (N.D. Cal. Oct. 27, 2011) ("actions [that] present virtually identical factual and legal issues . . . should be consolidated").

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate.

#### B.   Hogge Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the "person or group of persons" that:

---

MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS, AND APPROVAL OF COUNSEL
Case No. 4:24-cv-08874-YGR

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Hogge has complied with all the PSLRA's requirements and satisfies all the PSLRA criteria to be appointed lead plaintiff. Hogge, to the best of his knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Federal Rule of Civil Procedure 23 and is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Hogge respectfully submits that he should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, it becomes the presumptively most adequate plaintiff").

**1.      Hogge's Motion Is Timely**

Hogge has made a timely motion in response to a PSLRA early notice. On December 9, 2024, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with the first action filed. *See* Declaration of Charles H. Linehan ("Linehan Decl."), Ex. A. Therefore, Hogge had sixty days (*i.e.*, until February 7, 2025) to file a motion to be appointed as lead plaintiff. As a purchaser of Marqeta securities during the Class Period, Hogge is a member of the

---

MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS, AND APPROVAL OF COUNSEL
Case No. 4:24-cv-08874-YGR                                                                                          5

proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Hogge attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as representative of the class. Linehan Decl., Ex. B. Accordingly, Hogge satisfies the first requirement to serve as lead plaintiff for the class.

### 2. Hogge Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002). At the time of this filing, Hogge believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

Hogge purchased Marqeta securities during the Class Period at prices impacted by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $65,119.97. *See* Linehan Decl., Ex. C. To the best of his knowledge, Hogge is not aware of any other class member that has filed a motion for appointment as lead plaintiff who is claiming a larger financial interest. As such, Hogge believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiffs for the class.

### 3. Hogge Satisfies The Requirement Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Osher v. Guess? Inc.*, No. 01-cv-00871, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). At the lead plaintiff stage, "[t]it typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA*, No. 06-cv-06304, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730); *In re Cendant*, 264 F.3d at 263 ("The initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy.").

### a)      Hogge's Claims Are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Osher*, 2001 WL 861694, at *4. Under Rule 23 a lead plaintiff's, "claims are typical 'if it is reasonably coextensive with those of the absent class members; it need not be substantially identical.'" *Id*. (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, Hogge's claims are typical of the claims asserted by the proposed class. Like all members of the class, Hogge purchased Marqeta securities during the Class Period and suffered losses as a result of his transactions. Like all members of the class, Hogge alleges that Defendants violated federal securities laws by disseminating materially misleading statements concerning

Marqeta's operations and financial prospects. Hogge's losses, like the losses suffered by all other members of the class, arise from the artificial inflation of Marqeta's stock price caused by Defendants' alleged misrepresentations and omissions. Accordingly, Hogge's interests and claims are typical of the interests and claims of the class.

### b)     Hogge Is An Adequate Representative

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)). The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Yanek v. Staar Surgical Co.*, No. 04-cv-8007, 2004 WL 5574358, at *6 (C.D. Cal. Dec. 15, 2004) (citing *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986)).

Here, Hogge easily satisfies the adequacy requirements. Hogge's financial interest demonstrates that he has a sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [Hogge is] antagonistic to other members of the class or his attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Hogge resides in Alpine, Utah, and has been investing for approximately 20 years. He is a partner at a venture capital firm and has an MBA from Cornell University. Hogge has also retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Linehan Decl., Ex. D (the firm's résumé). In addition, Hogge is not aware of any conflict between his claims and those asserted on behalf of the class. As such, Hogge should be appointed as lead plaintiff.

**C.    The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Yanek*, 2004 WL 5574358, at *7. The Court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the class." *Osher*, 2001 WL 861694, at *4 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)). Here, Hogge has selected GPM as lead counsel for the class. As reflected by the firm's résumé, attached to the Linehan Declaration as Exhibit D, the Court may be assured that, by granting Hogge's Motion, the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Hogge's selection of counsel.

**V.    CONCLUSION**

For the foregoing reasons, Hogge asks the Court to grant his Motion and enter an Order: (i) consolidating the Related Actions; (ii) appointing Hogge as Lead Plaintiff; (iii) approving Hogge's selection of GPM as Lead Counsel; and (iv) granting such other and further relief as the Court may deem just and proper.

DATED:  February 7, 2025

Respectfully submitted,
**GLANCY PRONGAY & MURRAY LLP**

By:    */s/ Charles H. Linehan*
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movant Tyler Hogge and Proposed Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned, say:

I am not a party to the above case and am over eighteen years old. On February 7, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 7, 2025, at Los Angeles, California.

*/s/ Charles H. Linehan*
Charles H. Linehan

MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL
Case No. 4:24-cv-08874-YGR