POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Lead Plaintiff Movant*
*Daniel Blackman and Proposed*
*Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| WILSON WAI, Individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>MARQETA, INC., SIMON KHALAF, and MICHAEL MILOTICH,<br><br>          Defendants. | Case No.: 4:24-cv-08874-YGR<br><br>NOTICE OF MOTION AND MOTION OF DANIEL BLACKMAN FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>CLASS ACTION<br><br>Date:  March 18, 2025<br>Time:  2:00 p.m.<br>Judge:  Hon. Yvonne Gonzalez Rogers<br>Courtroom:  1 – 4th Floor |
| DAVID FORD, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>MARQETA, INC., SIMON KHALAF and MICHAEL MILOTICH,<br><br>                    Defendants. | Case No.: 4:24-cv-08892-YGR<br><br>CLASS ACTION |

# **TABLE OF CONTENTS**

NOTICE OF MOTION.................................................................................................................1

STATEMENT OF ISSUES .........................................................................................................2

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................................2

     I.   PRELIMINARY STATEMENT ...............................................................................2

     II.  STATEMENT OF FACTS ......................................................................................4

     III. ARGUMENT .........................................................................................................6

          A.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL
              PURPOSES....................................................................................................6

          B.  BLACKMAN SHOULD BE APPOINTED LEAD PLAINTIFF ........................7
              1. Blackman Is Willing to Serve as Class Representative ............................8
              2. Blackman Has the "Largest Financial Interest"......................................8
              3. Blackman Otherwise Satisfies the Requirements of Rule 23 .................10
              4. Blackman Will Fairly and Adequately Represent the Interests of the
                 Class and Is Not Subject to Unique Defenses........................................12

          C.  LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE
              APPROVED ................................................................................................13

     IV. CONCLUSION....................................................................................................14

PROOF OF SERVICE..............................................................................................................16

NOTICE OF MOTION AND MOTION OF DANIEL BLACKMAN FOR CONSOLIDATION, APPOINTMENT AS LEAD
PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
- 4:24-cv-08874-YGR; 4:24-cv-08892-YGR

## TABLE OF AUTHORITIES

**Cases**   **Page(s)**

*Ford v. Marqeta, Inc. et al.*,
No. 4:24-cv-08892 ..................................................................................................... 1, 4, 5, 6

*Hessefort v. Super Micro Comput., Inc.*,
317 F. Supp. 3d 1056 (N.D. Cal. 2018) .......................................................................... 10

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)............................................................................................. 9

*In re Comverse Tech., Inc. Sec. Litig.*,
No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ....................... 9

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) .................................................................................. 9

*In re Solar City Corp. Sec. Litig.*,
No. 16-CV-04686-LHK, 2017 WL 363274 (N.D. Cal. Jan. 25, 2017) ................................ 10

*Knox v. Yingli Green Energy Holding Co.*,
136 F. Supp. 3d 1159 (C.D. Cal. 2015) ............................................................................ 9

*Lax v. First Merchants Acceptance Corp.*
No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997)........................................................ 9

*Nicolow v. Hewlett Packard Co.*,
No. 12-05980 CRB, 2013 WL 792642 (N.D. Cal. Mar. 4, 2013) ........................................ 9

*Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX), 2001 WL 861694 (C.D.
Cal. Apr. 26, 2001) .......................................................................................................... 13

*Richardson v. TVIA, Inc.*,
No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007).................... 6, 7, 9, 10

*Staton v. Boeing Co.*,
327 F.3d 938 (9th Cir. 2003) ........................................................................................... 11

*Wai v. Marqeta, Inc. et al.*,
No. 4:24-cv-08874 ..................................................................................................... 1, 4, 5, 6

**Statutes**

15 U.S.C. § 78u-4(a)(3) .......................................................................................................... 1

15 U.S.C. § 78u-4(a)(3)(A)(i)(I)-(II) ...................................................................................... 7

15 U.S.C. § 78u-4(a)(3)(B)(i) ................................................................................................. 2, 7

15 U.S.C. § 78u-4(a)(3)(B)(ii) ................................................................................................. 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ........................................................................................... 3, 8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). ..................................................................................... 10

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)........................................................................................... 12

15 U.S.C. § 78u-4(a)(3)(B)(v). ......................................................................................... 2, 12, 13

Private Securities Litigation Reform Act of 1995 ............................... 1, 2, 3, 6, 7, 8, 9,10, 12, 13

Securities Exchange Act of 1934.......................................................................... 1, 2, 3, 7, 8, 11

**Rules**

Fed. R. Civ. P. 23(a) ................................................................................................................ 10

Fed. R. Civ. P. 42(a) ................................................................................................................ 6

NOTICE OF MOTION AND MOTION OF DANIEL BLACKMAN FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 4:24-cv-08874-YGR; 4:24-cv-08892-YGR

**NOTICE OF MOTION**

TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on March 18, 2025, at 2:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable Yvonne Gonzalez Rogers, in Courtroom 1, 4th Floor, Oakland Federal District Courthouse, 1301 Clay Street, Oakland, California 94612, Daniel Blackman ("Blackman") will and hereby does respectfully move this Court, pursuant to Federal Rule of Civil Procedure 42 ("Rule 42") and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Blackman as Lead Plaintiff on behalf of a class (the "Class") consisting of all investors who purchased or otherwise acquired Marqeta, Inc. ("Marqeta" or the "Company") securities between May 7, 2024 and November 4, 2024, inclusive (the "Class Period"); and (3) approving Blackman's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.[1]

This motion is made on the grounds that the Related Actions involve common questions of both law and fact, thus warranting their consolidation under Rule 42.  In addition, Blackman

---

[1] On December 9, 2024, the first-filed of the Related Actions was filed in this Court, styled *Wai v. Marqeta, Inc. et al.*, No. 4:24-cv-08874 (the "*Wai* Action"), alleging a class period including all persons and entities other than the above-captioned defendants ("Defendants") who purchased or otherwise acquired publicly traded Marqeta securities between August 7, 2024 and November 4, 2024, both dates inclusive.  *See* Dkt. No. 1 ("*Wai* Complaint") ¶ 1.  Then, on December 10, 2024, a second action alleging substantially the same wrongdoing as the *Wai* Action against the same Defendants was filed in this Court, styled *Ford v. Marqeta, Inc. et al.*, No. 4:24-cv-08892 (the "*Ford* Action"), alleging a larger class period including all investors who purchased or otherwise acquired Marqeta securities between May 7, 2024 and November 4, 2024, inclusive. *See Ford* Action, Dkt. No. 1 ("*Ford* Complaint") ¶ 1.  Therefore, to avoid excluding any potential class members, without conceding that this is the appropriate class period, this motion has adopted the most expansive class period alleged in the *Ford* Action.

believes that he is the most adequate plaintiff of the Class within the meaning of the PSLRA based on, *inter alia*, the number of shares of Marqeta common stock that he purchased during the Class Period and retained at the end of the Class Period, and the significant losses that he incurred as a result of the fraud alleged in the Related Actions. Moreover, Blackman satisfies the applicable requirements of Federal Rule of Civil Procedure 23 ("Rule 23") because his claims are typical of those of other Class members and because he will fairly and adequately represent the interests of the Class. Further, the PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. Blackman's choice of counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute the Related Actions effectively and expeditiously under Blackman's direction.

This motion is supported by the Memorandum of Points and Authorities submitted herewith, the Declaration of Jennifer Pafiti, Esq. ("Pafiti Decl."), and all exhibits thereto.

## STATEMENT OF ISSUES

1.    Whether the Related Actions should be consolidated pursuant to Rule 42.

2.    Whether Blackman is the "most adequate" plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i).

3.    Whether to approve Blackman's selection of Lead Counsel, Pomerantz, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    PRELIMINARY STATEMENT

The complaints in the Related Actions allege that Defendants defrauded investors in violation of the Exchange Act. Marqeta investors, including Blackman, incurred significant

losses following the disclosures of the alleged fraud, which caused Marqeta's share price to fall sharply, damaging Blackman and other Marqeta investors.

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact. Here, the Related Actions are putative class actions alleging violations of the Exchange Act by the same Defendants arising from substantially the same alleged fraud. As such, the Related Actions involve common questions of both law *and* fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of the litigation and that satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). During the Class Period, Blackman purchased 2,000 shares of Marqeta common stock, expended $11,760 on these purchases, retained 2,000 of his shares of Marqeta common stock, and, as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $3,984 in connection with his Class Period transactions in Marqeta securities. *See* Pafiti Decl., Ex. A at *2. Accordingly, Blackman believes that he has the largest financial interest in the relief sought in this litigation. Beyond his significant financial interest, Blackman also satisfies the applicable requirements of Rule 23 because his claims are typical of those of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, Blackman has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

3

Accordingly, Blackman respectfully requests that the Court enter an order consolidating the Related Actions, appointing Blackman as Lead Plaintiff for the Class, and approving his selection of Pomerantz as Lead Counsel for the Class.

## II.    STATEMENT OF FACTS

As alleged in the complaints in the Related Actions, Marqeta operates a cloud-based open application programming interface platform that delivers card issuing and transaction processing services. *Ford* Complaint ¶ 19; *see also Wai* Complaint ¶ 7. It offers its solutions in various verticals, including financial services, on-demand services, expense management, and ecommerce enablement, as well as buy now, pay later ("BNPL"). *Ford* Complaint ¶ 19; *see also Wai* Complaint ¶ 7.

Defendants provided investors with material information concerning Marqeta's gross profit and EBITDA guidance for the fiscal year 2024. *Ford* Complaint ¶ 2; *see also Wai* Complaint ¶ 22. Defendants' statements concerned, among other things, growth in new business bookings and onboarding timelines ahead of their full-year plan in addition to making significant operational improvements and confidence in driving growth of its newer customers and embedded finance use cases. *Ford* Complaint ¶ 2; *see also Wai* Complaint ¶ 22.

Defendants provided these overwhelmingly positive statements to investors while, at the same time, disseminating materially false and misleading statements and/or concealing material adverse facts related to Marqeta's onboarding strategy, including program management and compliance services in anticipation of the heightened regulatory environment in order to launch and ramp up new customers. *Ford* Complaint ¶ 3; *see also Wai* Complaint ¶¶ 19, 21, 23-24. Such statements absent these material facts caused shareholders to purchase Marqeta's securities at artificially inflated prices. *Ford* Complaint ¶ 3; *see also Wai* Complaint ¶¶ 46-47.

Throughout the Class Period, Defendants made materially false and/or misleading statements because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business which were known to Defendants or recklessly disregarded by them: (1) Marqeta understated the regulatory challenges affecting its business outlook; (2) as a result, Marqeta would have to cut its guidance for the fourth quarter of 2024; and (3) as a result, Defendants' public statements were materially false and/or misleading at all relevant times. *See Wai* Complaint ¶ 24; *see also Ford* Complaint ¶ 34.

Defendants created the false impression that they possessed reliable information pertaining to the Company's projected revenue outlook and anticipated growth areas of fintech, including on-demand delivery, BNPL and digital banking, while also downplaying the potential for longer customer onboarding timelines for new deal launches caused by heighted regulatory scrutiny. *Ford* Complaint ¶ 34; *see also Wai* Complaint ¶ 24. In truth, Marqeta's investment in compliance and program management capabilities were inadequate to deal with regulatory scrutiny facing its banking partners leading to significantly longer onboarding delays for new customers. *Ford* Complaint ¶ 34; *see also Wai* Complaint ¶ 24.

The truth emerged on November 4, 2024, when Marqeta issued a press release announcing negative third quarter 2024 results. *Ford* Complaint ¶ 4; *see also Wai* Complaint ¶¶ 25-26. During the corresponding earnings call, Defendants disclosed that an increased operational burden and heightened regulatory changes impacted both Marqeta's and its customers' onboarding and compliance teams. *Ford* Complaint ¶ 4; *see also Wai* Complaint ¶¶ 27-28. The incremental scrutiny and rigor had therefore translated into significant onboarding delays for new customers. *Ford* Complaint ¶ 4; *see also Wai* Complaint ¶¶ 27-28. As a result, Marqeta lowered its outlook for the full year 2025. *Ford* Complaint ¶ 4; *see also Wai* Complaint ¶¶ 25-27.

NOTICE OF MOTION AND MOTION OF DANIEL BLACKMAN FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
- 4:24-cv-08874-YGR; 4:24-cv-08892-YGR

Investors and analysts reacted immediately to Marqeta's revelations. *Ford* Complaint ¶ 5; *see also Wai* Complaint ¶ 29. The price of Marqeta's stock declined from $5.95 per share on November 4, 2024 to $3.42 per share on November 5, 2024. *Ford* Complaint ¶ 5; *Wai* Complaint ¶ 29.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Blackman and other Class members have suffered significant losses and damages. *See Wai* Complaint ¶ 30; *Ford* Complaint ¶¶ 43-44.

## III.    ARGUMENT

### A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a); *see also Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007) (consolidating securities class actions "predicated . . . on the same announcements and allegations of misstatement by corporate officials that allegedly caused [the company's] securities prices to be artificially inflated prior to its drop in share price").

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15

NOTICE OF MOTION AND MOTION OF DANIEL BLACKMAN FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 4:24-cv-08874-YGR; 4:24-cv-08892-YGR

U.S.C. § 78u-4(a)(3)(B)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Rule 42(a).

Each of the Related Actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by the same Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the Related Actions allege common questions of both law *and* fact and should be consolidated pursuant to Rule 42(a) for all purposes. *See Richardson*, 2007 WL 1129344, at *2.

## B.    BLACKMAN SHOULD BE APPOINTED LEAD PLAINTIFF

Blackman should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in this litigation to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(I)-(II). In addition, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B)(i)-(ii).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Blackman satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1.    Blackman Is Willing to Serve as Class Representative

On December 9, 2024, counsel for plaintiff in the first-filed of the Related Actions caused the statutorily required Notice to be published via *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, announcing that a securities class action lawsuit had been filed on behalf of Marqeta investors, and advising investors in Marqeta securities that they had until February 7, 2025—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff. *See* Pafiti Decl., Ex. B at *2.

Blackman has filed the instant motion pursuant to the Notice, and he has attached a sworn Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C at *2-3. Accordingly, Blackman satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.    Blackman Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). To the best of his knowledge, Blackman has the largest financial interest of any Marqeta investor or investor group seeking to serve as

8

lead plaintiff. For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered. No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997). In accord with other courts nationwide,[2] these so-called *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District. *See, e.g.*, *Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) ("District courts commonly refer to the four-factor [*Lax*] test[.]"); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (same). Of the *Lax* factors, courts in this District tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA. *See, e.g.*, *Nicolow*, 2013 WL 792642, at *4 ("The weight of authority puts the most emphasis on the competing movants' estimated losses[.]"); *Richardson*, 2007 WL 1129344, at *4 ("Of the [*Lax*] factors, courts consider the fourth factor, the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss.").

During the Class Period, Blackman: (1) purchased 2,000 shares of Marqeta common stock; (2) expended $11,760 on these purchases; (3) retained 2,000 of his shares of Marqeta common stock; and (4) as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $3,984 in connection with his Class Period transactions in Marqeta securities.

---

[2] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) (adopting *Lax* factors for purposes of determining financial interest under the PSLRA); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998) (same); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007).

NOTICE OF MOTION AND MOTION OF DANIEL BLACKMAN FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
- 4:24-cv-08874-YGR; 4:24-cv-08892-YGR

*See* Pafiti Decl., Ex. A at *2. To the extent that Blackman possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.    Blackman Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In determining whether a lead plaintiff movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that movants satisfy the requirements of Rule 23 is sufficient. *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-61 (N.D. Cal. 2018). "This showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy." *In re Solar City Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 WL 363274, at *5 (N.D. Cal. Jan. 25, 2017).

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson*, 2007 WL 1129344, at *4 (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

Blackman's claims are typical of those of the Class. Blackman alleges, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Marqeta, or by omitting to state material facts necessary to make the statements they did make not misleading. Blackman, like other Class members, purchased Marqeta securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosures of those misrepresentations and/or omissions that drove Marqeta's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

In determining whether the adequacy of representation requirement of Rule 23(a)(4) is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

Blackman is an adequate representative for the Class. Here, Blackman has submitted a sworn Certification declaring his commitment to protect the interests of the Class. *See* Pafiti Decl., Ex. C at *2-3. There is no evidence of antagonism or conflict between Blackman's interests and those of the Class, and Blackman's significant financial interest demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class. Moreover, as set forth in greater detail below, in Pomerantz, Blackman has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as these Related Actions, and submits his choice of Pomerantz to the Court for approval as Lead

Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  In addition to Pomerantz, Blackman is also represented by the Bronstein, Gewirtz & Grossman, LLC law firm in this litigation.

Further demonstrating his adequacy, Blackman has submitted a signed Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class.  *See* Pafiti Decl., Ex. D ¶¶ 1-7, 9-11.

### 4.    Blackman Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption favoring Blackman's appointment as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interests of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Blackman's ability and desire to fairly and adequately represent the Class has been discussed above.  Blackman is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.  Accordingly, Blackman should be appointed Lead Plaintiff for the Class.

NOTICE OF MOTION AND MOTION OF DANIEL BLACKMAN FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
- 4:24-cv-08874-YGR; 4:24-cv-08892-YGR

## C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should not interfere with a lead plaintiff's selection unless it is necessary to do so to "protect the interests of the class." *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX), 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001) ("A court may reject the lead plaintiff's choice only if it is necessary to protect the interests of the class." (Internal quotation marks omitted.)).

Here, Blackman has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Pafiti Decl., Ex. E at 1-11.  In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.*  For more than 85 years, Pomerantz has represented defrauded investors. *See id.* at 1.  As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth-largest class action settlement ever achieved in the United States. *See id.* at 2.  Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* at 1-11.  More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.* at 2-3.

13

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Related Actions, Blackman's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute the Related Actions effectively and expeditiously under Blackman's direction.  Thus, the Court may be assured that by approving Blackman's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

## IV.     CONCLUSION

For the foregoing reasons, Blackman respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Blackman as Lead Plaintiff for the Class; and (3) approving his selection of Pomerantz as Lead Counsel for the Class.

Dated:  February 7, 2025                    Respectfully submitted,

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Lead Plaintiff Movant Daniel Blackman and Proposed Lead Counsel for the Class*

14

BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Lead Plaintiff Movant
Daniel Blackman*

NOTICE OF MOTION AND MOTION OF DANIEL BLACKMAN FOR CONSOLIDATION, APPOINTMENT AS LEAD
PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
- 4:24-cv-08874-YGR; 4:24-cv-08892-YGR

**PROOF OF SERVICE**

I hereby certify that on February 7, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

/s/ Jennifer Pafiti
Jennifer Pafiti

16