Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Jason L. Krajcer (SBN 234235)
  *jkrajcer@glancylaw.com*
Christopher R. Fallon (SBN 235684)
  *cfallon@glancylaw.com*
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MARQETA, INC. SECURITIES LITIGATION, | Case No. 4:24-cv-08874-YGR |
| | **PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANTS' NOTICE OF INCORPORATION BY REFERENCE AND REQUEST FOR JUDICIAL NOTICE** |

## **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT ................................................................................................................. 2

    A.    Defendants May Not Use Judicial Notice To Establish Facts Concerning Stock Acquisitions By Defendants Khalaf And Milotich ...................................................... 3

    B.    Defendants May Not Use Judicial Notice Or Incorporation By Reference To Establish Facts Concerning Marqeta's Stock Repurchase Transactions ................... 5

    C.    Most Of The Remaining Exhibits Cannot Be Considered For The Truth Of The Matter Asserted ........................................................................................................ 7

III. CONCLUSION ............................................................................................................. 7

# TABLE OF AUTHORITIES

## CASES

*Azar v. Yelp, Inc.*,
    2018 WL 6182756 (N.D. Cal. Nov. 27, 2018)................................................................ 4

*Buttonwood Tree Value Partners, LP v. Sweeney*,
    2012 WL 13026910 (C.D. Cal. Dec. 10, 2012) ........................................................... 3

*California Restaurant Association v. City of Berkeley*,
    547 F.Supp.3d 878  (N.D. Cal. 2021) ......................................................................... 4

*Hammonds v. Aurora Loan Servs. LLC*,
    2010 WL 3859069 (C.D. Cal. Sept. 27, 2010)............................................................ 3

*In re ECOtality, Inc. Sec. Litig.*,
    2014 WL 4634280 n.2 (N.D. Cal. Sept. 16, 2014)....................................................... 6

*In re SolarCity Corp. Sec. Litig.*,
    274 F. Supp. 3d 972 (N.D. Cal. 2017) ....................................................................... 6

*In re Splunk Inc. Sec. Litig.*,
    592 F. Supp. 3d 919 (N.D. Cal. 2022) ....................................................................... 4

*In re Violin Memory Sec. Litig.*,
    2014 WL 5525946 (N.D. Cal. Oct. 31, 2014).............................................................. 4

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018)............................................................................. *passim*

*Lawson v. Klondex Mines Ltd.*,
    450 F. Supp. 3d 1057 (D. Nev. 2020) ........................................................................ 6

*Maiman v. Talbott*,
    2010 WL 11421950 (C.D. Cal. Aug. 9, 2010) ............................................................ 3

*Patel v. Parnes*,
    253 F.R.D. 531 (C.D. Cal. 2008) .............................................................................. 3

*R.P. v. City and County of San Francisco*,
    2025 WL 416363 (N.D. Cal. Feb. 6, 2025).................................................................. 5

*S.E.C. v. Mercury Interactive, LLC*,
    2010 WL 3790811 (N.D. Cal. Sept. 27, 2010)............................................................ 6

*Santa Monica Food Not Bombs v. City of Santa Monica*,
    450 F.3d 1022 (9th Cir. 2006).................................................................................. 4

*SEC v. Bardman*,
    231 F. Supp. 3d 442 (N.D. Cal. 2017) ........................................................................................ 7

*Shenwick v. Twitter, Inc.*,
    282 F. Supp. 3d 1115 (N.D. Cal. 2017) ................................................................................. 3, 4

*Smith v. NetApp, Inc.*,
    2021 WL 1233354 (N.D. Cal. Feb. 1, 2021).......................................................................... 2, 6

*United States v. Corinthian Colleges*,
    655 F.3d 984 (9th Cir. 2011).................................................................................................... 2

**RULES**

Rule 201 of the Federal Rules of Evidence......................................................................................... 3

## I.    INTRODUCTION

In connection with their motion to dismiss, Defendants have requested that the Court take judicial notice of certain documents and/or deem them incorporated by reference into the Complaint, attached as Exhibits 1 – 18 to the Request for Judicial Notice In Support Of Defendants' Motion to Dismiss Plaintiff's Amended Complaint.  *See* ECF No. 52 ("Def. RJN").[1]  Specifically, Defendants requests that the Court take judicial notice of Exhibits 1-4 and 10-18 and/or deem Exhibits 1-9 incorporated by reference into the Complaint.

Plaintiff does not object to the Court taking judicial notice of Exhibits 1-4 and 10-18, so long as the Court only takes judicial notice of the fact that the documents made the statements contained therein. The Court **may not** take judicial notice of the truth of the underlying factual assertions made within those documents. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("[A] court cannot take judicial notice of disputed facts contained in such public records. … Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth.").

Specifically, Plaintiffs' objection is focused on seven documents: Exhibits 2, 3, 10, and 14-17. Defendants attempt to use these documents to affirmatively establish facts concerning (1) stock acquisitions by Defendants Khalaf and Milotich, and (2) Marqeta's stock repurchases. The Complaint makes no allegations whatsoever about any insider stock transactions (either acquisitions or sales) or about Marqeta's stock repurchase program. Most of the challenged Exhibits (Exhibits 10 and 14-17) are not mentioned in the Complaint at all. Indeed, Defendants **concede** that these Exhibits are not incorporated by reference. *See* Def. RJN at 3 (only seeking judicial notice, not incorporation by reference, for Exhibits 10-18).

Defendants do seek application of the incorporation by reference doctrine for Exhibits 2 and 3. Exhibit 2, however, is only mentioned once in the Complaint in passing and is therefore not incorporated. And while Exhibit 3 is discussed more extensively in the Complaint, it is alleged to contain false and misleading statements. Under those circumstances, the Court may not accept

---

[1] Capitalized terms have the same meaning as set forth in the Glossary to Plaintiff's Opposition to Defendants' Motion to Dismiss ("Opp. to MTD"), filed concurrently herewith.

Exhibit 3 for the truth of its contents. *See infra* at 5.

Pursuant to *Khoja*, the doctrines of judicial notice and incorporation by reference must be strictly construed in securities cases to prevent defendant from "insert[ing] their own version of events into the complaint to defeat otherwise cognizable claims." 899 F.3d at 1002. "If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Id.* at 999. Here, Defendants' use of the challenged Exhibits is improper, because Defendants are seeking to introduce collateral facts on topics that are outside of the Complaint to create an alternative narrative that is not appropriate at this stage in the proceedings. *See Smith v. NetApp, Inc.*, 2021 WL 1233354, at *3 (N.D. Cal. Feb. 1, 2021) (if the "only purpose of these facts [that defendants seek to establish via incorporation] is to create an alternative narrative," the court should disregard those facts in deciding the underlying motion to dismiss).

## II.     ARGUMENT

The Ninth Circuit has cautioned against a "concerning pattern in securities cases" in which defendants "exploit[]" the procedures of incorporation by reference and judicial notice "improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja*, 899 F.3d at 998. In considering documents incorporated by reference, courts must still adhere to the "fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage." *Id*. at 1014. Following *Khoja*, courts must "err[] on the side of caution" and strictly construe the requirements of incorporation by reference and judicial notice against securities fraud defendants attempting to introduce collateral evidence on a motion to dismiss. *Smith*, 2021 WL 1233354, at *3 n.1.

Generally, a court "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *United States v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011) (internal quotation marks omitted). The doctrine of incorporation by reference is a limited exception to this rule which allows for consideration of documents relied upon extensively in the complaint or forming the basis of a claim. *Khoja*, 899 F.3d at 1002.

Courts may also take "judicial notice of '*undisputed* matters of public record'" to the extent permitted by Rule 201 of the Federal Rules of Evidence. *Hammonds v. Aurora Loan Servs. LLC*, 2010 WL 3859069, at *1 (C.D. Cal. Sept. 27, 2010) (emphasis in original). Defendants, however, cannot use judicial notice or incorporation by reference to "present their own version of the facts at the pleading stage." *Khoja*, 899 F.3d at 998-99 ("[T]he unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery.").

### A.   Defendants May Not Use Judicial Notice To Establish Facts Concerning Stock Acquisitions By Defendants Khalaf And Milotich

Defendants seek judicial notice of four Forms 4 (Exhibits 14-17) to establish facts concerning certain acquisitions of Marqeta stock by Defendants Khalaf and Milotich. *See* MTD 29 & n.11. Defendants claim these transactions negate an inference of scienter. *Id.* This is improper, because judicial notice may only be used to establish the fact that the Forms 4 were filed with the SEC and that they made the statements contained within those Forms 4, not to establish that those Forms 4 accurately described the facts of the underlying transactions or the circumstances surrounding those transactions. *See Maiman v. Talbott*, 2010 WL 11421950, at *7 (C.D. Cal. Aug. 9, 2010) (declining to take judicial notice of Forms 4 because "while it may be appropriate to judicially notice the existence of SEC filings and their contents, judicial notice should not be taken of the *truth* of their contents") (emphasis in original); *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008) ("It is appropriate for the court to take judicial notice of the content of the SEC Forms 4 and the fact that they were filed with the agency. The truth of the content, and the inferences properly drawn from them, however, is not a proper subject of judicial notice under Rule 201."); *Buttonwood Tree Value Partners, LP v. Sweeney*, 2012 WL 13026910, at *2 (C.D. Cal. Dec. 10, 2012) ("the Court cannot take judicial notice of the Individual Defendants' stock purchases").

Taking judicial notice of Forms 4 is particularly inappropriate when the plaintiff makes no allegations concerning insider trading or a financial motive on the part of defendants to engage in securities fraud. *See Shenwick v. Twitter, Inc.*, 282 F. Supp. 3d 1115, 1124 (N.D. Cal. 2017) (declining to take judicial notice of Forms 4 where plaintiff "did not discuss stock sales in the

Complaint, and … did not argue that Defendants' financial motives establish scienter"). "Although the Court may compare competing explanations and inferences, *those inferences still must arise from the facts alleged in the complaint*." *Id.* (internal quotation marks omitted, emphasis added); *see also In re Splunk Inc. Sec. Litig.*, 592 F. Supp. 3d 919, 949 (N.D. Cal. 2022) (absence of improper stock sales not relevant where "Plaintiff's scienter theory is not predicated on the theory that individual Defendants had an incentive to mislead investors because they stood to gain from the fraud if they sold their Splunk stock during the Class Period").[2]

The cases cited by Defendants for the proposition that SEC filings are a proper subject of judicial notice (Def. RJN at 2-3) are inapposite. Only one of those cases involved Forms 4, and in that case, unlike this one, the plaintiffs alleged that defendants' stock sales supported an inference of scienter. *See Azar v. Yelp, Inc.*, 2018 WL 6182756, at *4 (N.D. Cal. Nov. 27, 2018).

Defendants cite this Court's decision in *Violin Memory* for the proposition that courts may take judicial notice of SEC filings that are not cited in a complaint. *See In re Violin Memory Sec. Litig.*, 2014 WL 5525946, at *6 (N.D. Cal. Oct. 31, 2014) (cited by Def. RJN at 2-3). But the Court held that consideration of that SEC filing was appropriate because the "the substance therein relate[d] to Plaintiffs' allegations." *Id.* Here, Plaintiff's allegations do not refer to any insider trading or financial motive on the part of Defendants. *See Shenwick*, 282 F. Supp. 3d at 1124. Moreover, *Violin Memory* declined defendants' request for judicial notice of an analyst report that was not referred to in the complaint, of court documents offered to dispute the factual merits of Plaintiffs' claim, and of news articles that did not pertain to Violin. 2014 WL 5525946, at *6-*7.

Pursuant to *Khoja*, judicial notice may not be used by defendants to "to present their own version of the facts at the pleading stage." 899 F.3d at 999. It should not be permitted here for Defendants to create a narrative about their own motives as an affirmative defense, when Plaintiff

---

[2] *See also California Restaurant Association v. City of Berkeley*, 547 F.Supp.3d 878, 881 n.1 (N.D. Cal. 2021), *rev'd on other grounds*, 89 F.4th 1094 (9th Cir. 2024), (declining takes to take judicial notice of documents "which are not relevant to the disposition of the pending motion"); *Santa Monica Food Not Bombs v. City of Santa Monic*a, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) ("We decline to take judicial notice of the two Staff Reports, as they are not relevant to the resolution of this appeal.").

OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
Case No. 4:24-cv-08874-YGR                                                                    4

made no allegations about insider trading or financial motives and Plaintiff has had no opportunity for discovery to get to the underlying facts and circumstances underlying Defendants' stock transactions.

**B.**     **Defendants May Not Use Judicial Notice Or Incorporation By Reference To Establish Facts Concerning Marqeta's Stock Repurchase Transactions**

With respect to the three remaining challenged Exhibits (Exhibits 2, 3 and 10), Defendants are attempting to use these documents to establish certain facts about Marqeta's repurchases of its own stock. *See* MTD 29 & n.12 ("during the Class Period, Marqeta spent at least $116 million repurchasing shares of its own stock"). Just as with the stock transactions by the Individual Defendants, the Complaint makes no allegations concerning Marqeta's stock repurchase program or any transactions entered into pursuant to that program. The Court should not consider these Exhibits under either the doctrine of judicial notice or incorporation by reference.

First, as to Exhibit 10 (excerpts of Marqeta's Form 10-Q for Q3 2024), the Complaint does not mention or incorporate this document. Defendants acknowledge this, and they only seek judicial notice of the document. Def. RJN at 3. Just as with the Forms 4, the Court may only take judicial notice of the fact that this 10-Q was filed with the SEC and that it makes the statements contained therein; the Court may not take judicial notice of the underlying facts it asserts with respect to Marqeta's repurchase program and the purported purchases it made under that program.

Second, as to Exhibit 2 (excerpts of Marqeta's 2024 Form 10-K), Defendants ask the Court to recognize the document pursuant to the incorporation by reference doctrine and for the Court to thereby assume the truth of the 10-K's contents in deciding the motion to dismiss. Def. RJN at 1. However, the Complaint cites this 10-K in only one paragraph (¶180), for the fact that Defendants stated they had remediated a material weakness. This document is not an integral part of Plaintiff's claims, such that the Court may presume the truth of all its contents. *See Khoja*, 899 F.3d at 1002 ("[M]ere mention of the existence of a document is insufficient to incorporate the contents of a document."); *R.P. v. City and County of San Francisco*, 2025 WL 416363, at *3 (N.D. Cal. Feb. 6, 2025) (denying request to incorporate a video where Plaintiff mentioned the existence of body-worn camera footage once and it was "not integral" to Plaintiff's claim).

Third, as to Exhibit 3 (excerpts of Marqeta's Form 10-Q for Q1 2024), the Complaint cites this document for a risk factor statement that the Complaint alleges is materially false and misleading. ¶¶93-94, 129-30. Given that Plaintiff's *only* use of this document is for Plaintiff's allegation that the document made materially false and misleading statements, it makes no sense for the Court to presume that the rest of the document is true for purposes of the motion to dismiss. *See, e.g.*, *In re ECOtality, Inc. Sec. Litig.*, 2014 WL 4634280, at *3 n.2 (N.D. Cal. Sept. 16, 2014) ("[W]ere the Court to assume the truth of all documents incorporated by reference into the CAC, that would mean assuming the truth of all of Defendants' allegedly false or misleading statements. That cannot be the intended result of the cases Defendants cite, or it would be impossible ever to successfully plead a fraud claim.") (cited with approval by *Khoja*, 899 F.3d at 1015); *In re SolarCity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) ("Although courts generally assume a document's contents to be true on a motion to dismiss when that document is referenced in a complaint, the Court cannot do so when Plaintiffs' complaint alleges that these documents contain false or misleading statements."); *Lawson v. Klondex Mines Ltd.*, 450 F. Supp. 3d 1057, 1071 (D. Nev. 2020) ("the court cannot assume the truth of the contents of the press release because Lawson's First Amended Complaint alleges that it contains false or misleading statements"). Accordingly, the Court should not assume the truth of Exhibit 3's contents with respect to Marqeta's stock repurchase transactions.

Just as with judicial notice, "defendants may not use incorporation by reference to insert their own version of events into the complaint …. The purpose of the doctrine is to prevent plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken – or doom – their claims, not to resolve factual disputes." *Smith*, 2021 WL 1233354, at *2 (internal quotation marks and citation omitted). If the "only purpose of these facts [that defendants seek to establish via incorporation] is to create an alternative narrative," the court should disregard those facts in deciding the underlying motion to dismiss. *Id.* at *3.[3] "Such

---

[3] *See also S.E.C. v. Mercury Interactive, LLC*, 2010 WL 3790811, at *7 (N.D. Cal. Sept. 27, 2010) ("While it is true that the Court may consider documents referenced in a pleading under the incorporation by reference doctrine, [defendant] asks the Court to engage in fact-finding based upon

undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine." *Khoja*, 899 F.3d at 999.

In sum, Defendants cannot introduce an alternative scienter narrative based on facts outside of the Complaint to defeat Plaintiff's pleading of scienter. This is true even if the facts used to construct that alternative narrative are located documents referred to in the Complaint or in SEC filings filed by Defendants. *See Khoja*, 899 F.3d at 999 ("If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief.").

### C. Most Of The Remaining Exhibits Cannot Be Considered For The Truth Of The Matter Asserted

More broadly, the Court should not assume the truth of the contents of any of the documents that the Complaint alleges to have contained false or misleading statements. The Complaint alleges that each of the documents copied, excerpted, or transcribed in Exhibits 1, 3, 5-7 contains one or more materially false or misleading statements. *See* ¶¶115, 117, 119, 121, 125, 127, 129, 133, 135, 137; RJN at 2. Accordingly, for those documents, the Court should only take judicial notice of the fact that those documents made the statements therein contained and not assume the truth of their contents. *See supra* at 5.

## III. CONCLUSION

The Court should disregard the factual assertions derived from Exhibits 2-3, 10, and 14-17 that Defendants cite at page 29 of their motion to dismiss concerning the Individual Defendants' stock acquisitions and Marqeta's stock repurchases. The Court should not assume the truth of the contents of Exhibits 1, 3, 5-7 and may only take notice of the fact that those documents made the statements contained therein.

---

those documents .... This type of analysis is inappropriate in the context of a motion to dismiss.") (internal citation omitted), *superseded by regulation on other grounds as recognized in SEC v. Bardman*, 231 F. Supp. 3d 442, 446-47 (N.D. Cal. 2017).

Dated: June 20, 2025

Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By:  */s/ Jason L. Krajcer*
Robert V. Prongay
Jason L. Krajcer
Christopher R. Fallon
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com
Email: jkrajcer@glancylaw.com
Email: cfallon@glancylaw.com

*Counsel for Lead Plaintiff and
Lead Counsel for the Class*

**<u>PROOF OF SERVICE BY ELECTRONIC POSTING</u>**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old.  On June 20, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 20, 2025, at Los Angeles, California.

*/s/ Jason L. Krajcer*
Jason L. Krajcer

OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
Case No. 4:24-cv-08874-YGR