Robert V. Prongay (SBN 270796)
  rprongay@glancylaw.com
Jason L. Krajcer (SBN 234235)
  jkrajcer@glancylaw.com
Christopher R. Fallon (SBN 235684)
  cfallon@glancylaw.com
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:   (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MARQETA, INC. SECURITIES LITIGATION, | Case No. 4:24-cv-08874-YGR<br><br>**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>Date:     September 30, 2025<br>Time:    2:00 p.m.<br>Judge:   Honorable Yvonne Gonzalez Rogers<br>Ctrm:    1, 4th Floor |

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE
CASE NO. 4:24-cv-08874-YGR

Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Accordingly, "[a] court may take judicial notice of matters of public record," but not of "disputed facts contained in such public records."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

**I.     The Court Should Take Judicial Notice Of Marqeta's FY 2024 Earnings Call Transcript**

In support of his Opposition to Defendants' Motion to Dismiss Plaintiff's Amended Complaint, Plaintiff respectfully requests that the Court take judicial notice of Exhibit A to the Declaration of Jason L. Krajcer ("Krajcer Decl.") ("Exhibit A" or "Ex. A").  Exhibit A to the Krajcer Declaration is a publicly available transcript of Marqeta's February 26, 2025 FY 2024 earnings call with investors discussing the Company's Q4 2024 and FY 2024 financial results and its 2025 guidance.  Courts may take judicial notice of such transcripts if there are no "doubts about the authenticity or accuracy of the transcripts."  *See Golub v. Gigamon Inc.*, 372 F. Supp. 3d 1033, 1043 (N.D. Cal. 2019) (taking judicial notice of earnings calls transcripts); *Plumbers and Steamfitters Local 60 Pension Trust v. Meta Platforms, Inc.*, 2024 WL 4251896, at *9 (N.D. Cal. Sep. 17, 2024); *In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016) ("[T]ranscripts of conference earnings calls are judicially noticeable because they are matters of public record."); *Sneed v. AcelRx Pharm., Inc.*, 2022 WL 4544721, at *3 (N.D. Cal. Sept. 28, 2022) (finding "transcripts of earnings calls ... are proper subjects of judicial notice"); *Sanders v. Realreal, Inc.*, 2021 WL 1222625, at *4 (N.D. Cal. Mar. 31, 2021) ("Transcripts of earnings calls and investor presentations are publicly available documents and are thus matters of public record not subject to reasonable dispute."); *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 827-28 (N.D. Cal 2019) (transcripts of conference earnings calls are judicially noticeable).

Defendants argue that Statements 3, 5, 6, 10, and 12 were not false and/or misleading because Marqeta grew its net revenue in Q4 2024 and/or "substantially met" its original full-year 2024 net revenue guidance given at the start of the Class Period.  *See* MTD at 4-6, 11, 13, 16, 18,

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE                                        1
CASE NO. 4:24-cv-08874-YGR

21.  Defendants also argue that the fact that they "substantially met" net revenue guidance refutes an inference of scienter.  *Id*. at 30.  In support of this argument, Defendants cited a Form 8-K filed on February 26, 2025 (*i.e.*, after the Class Period), in which Marqeta reported its full-year results for 2024.  *See* MTD at 5-6 (citing Defendants' Exhibit 13).

Plaintiff seeks judicial notice of Exhibit A in partial support of a response to these arguments. Exhibit A is the transcript to the FY 2024 earnings call, which also took place on February 26, 2025, the same day that the Form 8-K that Defendants rely on was filed. During the call, Defendants provided additional details about Marqeta's 2024 results that are necessary to contextualize and understand the results that Defendants referred to in the Form 8-K.

During the call, Defendant Milotich told investors that: (i) 2024 net revenue from new programs was "less than $20 million" and thus failed to meet Marqeta's guidance for 2024; and (ii) that new programs "are expected to contribute over $40 million in net revenue" in 2025, which was "behind our $60 million goal we previously shared."  Pl. Opp. at 13-14, 17; ¶¶125, 133, 137. Milotich attributed these net revenue shortfalls to "fewer new programs launch[ed] and ramp[ed] in 2024" and "launch delays" "due to heightened regulatory environment." Ex. A at 6.

Specifically, Defendant Milotich stated:

> New programs sold since the revitalization of our sales motion late in 2022 and launched since the start of 2024 are expected to contribute over $40 million to net revenue. The contribution to 2025 net revenue growth will be roughly 5% ***based on our 2024 performance of less than $20 million. Unfortunately, this is behind our $60 million goal we shared previously due to fewer new programs launching and ramping in 2024 as well as launch delays, which we believe is partly due to heightened regulatory environment from our bank partners, which we discussed in detail last quarter.***

*Id*.

Thus, while Plaintiff does not object to Defendants' reliance on the Form 8-K, the Court should also consider the earnings call transcript to more fully understand and contextualize the results discussed in that Form 8-K.

## II.    The Court Should Take Conditional Judicial Notice Of Defendants' Forms 4

Plaintiff also conditionally requests that the Court take judicial notice of Exhibits B-E to the Krajcer Declaration ("Exs. B-E"), which are Form 4's filed with the SEC on behalf of the Individual

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE                                                    2
CASE NO. 4:24-cv-08874-YGR

Defendants during the Class Period. Defendants have requested judicial notice for certain other Forms 4 filed on behalf of the Individual Defendants (Defendants' Exhibits 14-17). While Plaintiff objects to the Court's taking judicial notice of Defendants' Exhibits 14-17 for the truth of their contents, if the Court considers those exhibits, it should also consider Plaintiff's Exhibits B-E to more fully understand the stock transactions of the Individual Defendants during the Class Period.

Courts may take judicial notice of Form 4's filed with the SEC, although it is not proper to take judicial notice of the truth of their contents. *See Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008) ("It is appropriate for the court to take judicial notice of the content of the SEC Forms 4 and the fact that they were filed with the agency. The truth of the content, and the inferences properly drawn from them, however, is not a proper subject of judicial notice under Rule 201.").

Defendants argue that Plaintiff has not shown that Defendants made the alleged false and/or misleading statements with scienter. MTD at 28-30. In support of this argument, Defendants note that Plaintiff failed to plead that Defendants profited from any sales of shares, and Defendants sought judicial notice of Defendants' Exhibits 14-17 to show that the Individual Defendants increased their Marqeta holdings during the Class Period. MTD at 28-29.

Plaintiff does not seek judicial notice of Exhibits B-E for the truth of their contents, but only for the limited and conditional purpose of responding to Defendants' assertions about Defendants' stock transactions, if the Court considers these issues. Specifically, Plaintiffs contend that Exhibits B-E along with Defendants' Exhibits 16-17 state that (i) the shares of Marqeta stock acquired by the Individual Defendants during the Class Period were obtained through the conversion of restricted stock units, not open market purchases; (ii) Defendant Khalaf disposed of shares of Marqeta stock worth $1,664,036.05 during the Class Period through Code F transactions (Pl. Exs. B-C; Def. Ex. 16); and (iii) Defendant Milotich disposed of shares of Marqeta stock worth $830,950.55 during the Class Period through Code F transactions (Pl. Exs. D-E; Def. Ex. 17). *See In re Lucid Group, Inc. Sec. Litig.*, 2024 WL 3745605, at *5 (N.D. Cal. Aug. 8, 2024) (taking judicial notice of SEC filings and other documents for "the limited purpose of noting the representations Defendants made to the market" but not "for their truth".)

Accordingly, the Court should take judicial notice of Plaintiff's Exhibits A-E and consider them in connection with Plaintiff's Opposition to Defendants' motion to dismiss.

DATED:  June 20, 2025                      **GLANCY PRONGAY & MURRAY LLP**

By: /s/ *Jason L. Krajcer*
Robert V. Prongay
Jason L. Krajcer
Christopher Fallon
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com
Email: jkrajcer@glancylaw.com
Email: cfallon@glancylaw.com

*Counsel for Lead Plaintiff and*
*Lead Counsel for the Class*

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old. On June 20, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on June 20, 2025, at Los Angeles, California.


                                    _s/ Jason L. Krajcer_____
                                    Jason L. Krajcer