JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    (415) 773-5700
Facsimile:    (415) 773-5759

Attorneys for Defendants
MARQETA, INC., SIMON KHALAF,
and MICHAEL MILOTICH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE MARQETA, INC. SECURITIES LITIGATION | Case No.: 4:24-cv-08874-YGR<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>Date:    September 30, 2025<br>Time:    2:00 p.m.<br>Judge:   Honorable Yvonne Gonzalez Rogers<br>Ctrm:    1, 4th Floor |

## I.   **INTRODUCTION**

Defendants Marqeta, Inc. ("Marqeta" or the "Company"), Simon Khalaf, and Michael Milotich (the "Individual Defendants," and collectively with Marqeta, "Defendants") have asked the Court to take judicial notice of eighteen documents in connection with their Motion to Dismiss (the "Motion"). *See* Request for Judicial Notice in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint (the "RJN"), ECF No. 52.

Plaintiff's Objection to the RJN (the "Objection" or "RJN Opp."), ECF No. 56, is "focused" on seven exhibits to the RJN: Exhibits 2, 3, 10, and 14-17.  *See* RJN Opp. at 1.  Plaintiff also notes, however, that while he does not object to the Court taking judicial notice of Exhibits 1-4 and 10-18, *id.* at 1, or Exhibits 5-7, *id.* at 7, Plaintiff seeks to cabin the Court's review of those exhibits to the "fact that those documents made the statements therein contained," and instructs the Court to "not assume the truth of their contents." *Id.* at 7.  Plaintiff's Objection does not address Exhibits 8 or 9.

Plaintiff largely premises his Objection on dicta from *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), in which the Ninth Circuit observed a "concerning pattern in securities cases" of "overuse and improper application of judicial notice and the incorporation-by-reference doctrine." *Id.* at 998. As discussed below, Defendants' requests under the incorporation-by-reference and judicial notice doctrines are proper, and the Court may consider the RJN's exhibits in deciding Defendants' Motion.

## II.   **ARGUMENT**

In ruling on a Rule 12(b)(6) motion to dismiss, courts must consider documents incorporated by reference into the complaint or subject to judicial notice. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S 308, 322 (2007). The incorporation-by-reference doctrine "treats certain documents as though they are part of the complaint itself" and "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002. Relatedly, judicial notice under Federal Rule of Evidence 201 permits a court to notice a fact that is "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Khoja*, 899 F.3d at 999 (citing Fed. R. Evid. 201(b)(1)-(2)). A fact is "noticeable for

its truth" unless it "is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes." *Id.* at 999-1000.

### A.   Exhibits 1, 3, and 5-7 Are Incorporated By Reference

Exhibits 1, 3, and 5-7 are Marqeta's SEC filings or earnings call transcripts that Plaintiff incorporated into the AC. *See* RJN at 2. Plaintiff does not dispute that these SEC filings and earnings call transcripts are extensively referenced in the AC. *See* RJN Opp. at 1, 7. Because Exhibits 1, 3, and 5-7 are "incorporated by reference, the entire document[s] [are] assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of [their] contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014).

Plaintiff argues that "the Court should not assume the truth of the contents of Exhibits 1, 3, 5-7" because the AC alleges that each of these Exhibits "contains one or more materially false or misleading statements." RJN Opp. at 7. But Defendants plainly do not ask the Court to accept as true the challenged statements merely because they were contained in Marqeta's SEC filings or made on earnings calls. Rather, Defendants attach these exhibits to provide necessary context to the challenged statements, or to highlight Defendants' extensive disclosures and risk warnings, which are all permissible purposes. *See, e.g.*, *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 196 (2015) (for alleged omissions, "the court must take account of whatever facts [defendants] did provide about [the topic], as well as any other hedges, disclaimers, or qualifications"); *Smith v. NetApp, Inc.*, 2021 WL 1233354, at *4 (N.D. Cal. Feb. 1, 2021) (risk disclosures "are properly considered as context for the PSLRA safe harbor for forward looking statements"); *In re Terravia Holdings, Inc. Sec. Litig.*, 2020 WL 553939, at *3 (N.D. Cal. Feb. 4, 2020) ("Statements cannot be considered in isolation, but must be viewed in the context of their total presentation."); *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *6 (N.D. Cal. Mar. 29, 2019) ("[I]ncorporation by reference is a judicial doctrine that prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken or extinguish their claims." (citing *Khoja*, 899 F.3d at 1002)).

*Khoja* is not in disagreement. While *Khoja* "holds that an incorporated or noticed document's truth may not be assumed if the only purpose is to dispute or create a defense to a <u>well-pled</u> fact in a

complaint," "*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations." *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (emphasis in original). Nothing in *Khoja* disturbs the need for a court to "analyz[e] an alleged false [or misleading] statement *in context*." *Id.* (emphasis added); *accord Khoja*, 899 F.3d at 1002 ("[Incorporation by reference] prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims.").

### B.    Exhibits 2-3, 10, and 14-17 Are Properly Subject to Judicial Notice

As an initial matter, judicial notice provides an *additional* basis for the Court to consider Exhibits 2 and 3 (excerpts of Marqeta's 2024 Form 10-K and 2024 Form 10-Q re Q1 2024, respectively), which are also incorporated by reference into the AC.[1] *See* RJN at 3.

Exhibits 2-3, 10, and 14-17 are all Marqeta's SEC filings and are thus judicially noticeable. *Id.* at 2-3. Plaintiff does not dispute that SEC filings are proper documents for judicial notice but seeks to shield the Court from these documents here, which Plaintiff claims "introduce collateral facts on topics [*i.e.*, Defendants' stock purchases and sales and the Company's share repurchases] that are outside of the Complaint to create an alternative narrative that is not appropriate at this stage in the proceedings." RJN Opp. at 2. But this argument fails under *Tellabs*, which instructs courts to consider *all* inferences (including those that undercut an inference of scienter), and as Defendants argue in the Motion, courts may (and do) consider the absence of suspicious stock sales, as well as the existence of the Company's share repurchases, as part of a holistic scienter analysis. Mot. at 29.

Moreover, it remains the case post-*Khoja* that courts consider SEC filings—like the SEC Forms 4 (Exs. 14-17), Forms 10-K (Ex. 2), and 10-Q (Exs. 3, 10)—to be "publicly-filed documents whose accuracy cannot reasonably be questioned and are therefore subject to judicial notice"—even if they "are not cited in the [Complaint]." *Evanston Police Pension Fund v. McKesson Corp.*, 411 F. Supp. 3d 580, 593 (N.D. Cal. 2019); *Habelt v. iRhythm Techs., Inc.*, 2022 WL 971580, *6 (N.D. Cal. Mar. 31, 2022) (taking judicial notice of SEC filings on Forms 4, 8-K, 10-Q, and 10-K that show

---

[1] Plaintiff disputes whether Exhibit 2 is incorporated by reference since it is only cited once in the AC. *See* RJN Opp. at 1. Regardless, a document may be considered if it is either referenced in the pleading or subject to judicial notice.

REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR
JUDICIAL NOTICE, NO. 4:24-CV-08874-YGR

publicly available information about the defendant); *Kipling v. Flex Ltd.*, 2020 WL 7261314, at *7 (N.D. Cal. Dec. 10, 2020). Indeed, Plaintiff cannot explain how the contents of Exhibits 2-3, 10, and 14-17, which establish the number of shares that Marqeta repurchased throughout the Class Period, as well as the number of shares held and sold by each of the Individual Defendants, could be subject to "varying interpretations" such that they would not be noticeable for their truth. *Khoja*, 899 F.3d at 999 (citing Fed. R. Evid. 201(b)(1)-(2)).

### C. Exhibits 4 and 11-13 Are Incorporated By Reference Or Subject to Judicial Notice

Plaintiff further claims that he "does not object to the Court taking judicial notice of Exhibits 1-4 and 10-18 so long as the Court only takes judicial notice of the fact that the documents made the statements contained therein … [not] the truth of the underlying factual assertions made within those documents." RJN Opp. at 1. Of those exhibits, only Exhibits 4 and 11-13 remain unaddressed.

Exhibit 4 is an excerpt of Marqeta's Form 8-K with accompanying press release announcing the Company's Q3 2024 financial results filed with the SEC on November 4, 2024 (the same day as the Company's earnings call to which Plaintiff attributes the loss in Marqeta's stock price). *See* RJN at 2. Plaintiff glosses over that Exhibit 4 is incorporated by reference into the AC, and thus Defendants can properly refer to its entire contents, which are assumed to be true for the purposes of a motion to dismiss.[2] *See NVIDIA*, 768 F.3d at 1058 n.10.

Exhibits 11-13 are excerpts of Marqeta's Form 8-Ks announcing the Company's Q1 2024, Q2 2024, and Q4 2024 results, respectively. *See* RJN at 3. The facts that Defendants request the Court judicially notice from these documents are those cited in their Motion: that "net revenue and gross profit in Q1 2024 contracted by 46% and 6%, respectively," Mot. at 4 (citing Ex. 11 at 2)); that "net revenue and gross profit in Q2 2024 contracted by 46% and 6%, respectively," *id.* (citing Ex. 12 at 2)); and that "[2024] full-year net revenue contracted by 25%, and full-year gross profit grew by 7%" *id.* (citing Ex. 13 at 2)). These uncontroversial, public facts taken directly from Marqeta's SEC filings are not "subject to varying interpretations"; thus, judicial notice of these facts for their truth is appropriate. *See City of Miami Gen. Emps.' & Sanitation Emps.' Ret. Tr. v. RH, Inc.*, 302 F. Supp. 3d

---

[2] Exhibit 4 does not contain any challenged statements.

REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE, NO. 4:24-CV-08874-YGR

1028, 1033 n.1 (N.D. Cal. 2018) ("To the extent plaintiffs take issue with the statements in these documents and defendants' arguments based thereon, such argument belongs in plaintiffs' opposition to defendants' motion to dismiss and thus does not persuade on the question of whether judicial notice is proper.")

## III.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider all the Exhibits attached to the RJN pursuant to the incorporation by reference and/or judicial notice doctrines.

Dated:   July 11, 2025                              ORRICK, HERRINGTON & SUTCLIFFE LLP


                                                    */s/ James N. Kramer*
                                                    JAMES N. KRAMER

                                                    Attorneys for Defendants Marqeta, Inc.,
                                                    Simon Khalaf, and Michael Milotich