United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE MARQETA, INC. SECURITIES LITIGATION** | **Case No. 4:24-CV-08874-YGR**<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND SETTING DEADLINES FOR NOTICE, OBJECTION, EXCLUSION, AND FINAL FAIRNESS HEARING**<br><br>Re: Dkt. Nos. 70, 80, 81 |

On July 28, 2026, the Court held a hearing on plaintiff's unopposed motion for provisional certification of a settlement class in this action; preliminary approval of the parties' proposed settlement; approval of the class notice packet; appointing class representative, class counsel and the proposed settlement administrator; and setting a date for the hearing on final approval of the settlement. (Dkt. No. 70 ("Mtn").) Jason Lee Krajcer appeared for plaintiff and Ariel Brianna Winawer appeared for defendants. The parties thereafter filed supplemental information addressing issues the Court raised at the hearing (Dkt. Nos. 80, 81), including an amended stipulation and agreement of settlement ("Amended Settlement Agreement"). (Dkt No. 81-1 ¶ 2, Ex. 1.)

Having considered the motion briefing and supplemental filings, the arguments of counsel, the relevant law, the terms of the Amended Settlement Agreement and the class notice, as well as

United States District Court
Northern District of California

the record in this case, and based on the reasons and terms identified on the record and set forth herein, the Court **GRANTS** plaintiff's motion.

## I. BACKGROUND

This action was initiated on December 9, 2024, with the filing of a class action complaint against defendants Marqeta, Inc.; Simon Khalaf; and Michael Milotich alleging violations of federal securities laws for misstatements regarding Marqeta's earnings and profit. (Dkt. No. 1.) On March 11, 2025, the Court issued an order consolidating cases, appointing Tyler Hogge as lead plaintiff, and approving his selection of Glancy Prongay & Murray LLP[1] as lead counsel. (Dkt. No. 38.) On April 10, 2025, plaintiff filed the operative, amended complaint alleging claims for (1) violation of section 10(b) of the Securities Exchange Act of 1934 and implementing Rule 10b-5 against all defendants and (2) violation of Section 20(a) of the Act against individual defendants Khalaf and Milotich. (Dkt. No. 47.) The parties reached a settlement while defendants' motion to dismiss the amended complaint was pending.

### A. Terms of the Settlement Agreement

Under the terms of the Amended Settlement Agreement, defendants will pay $13 million into a common settlement fund, without admitting liability, in exchange for a general release of all claims against defendants that were or could have been raised in this action. (*See* Mtn. at 1; Amended Settlement Agreement ¶ 36.) This amount includes fees and expenses and the cost of class notice and claims administration. (*See* Dkt. No. 71 ("Krajcer Decl.") ¶ 23; Amended Settlement Agreement ¶ 9.)

#### *1. Attorneys' Fees and Costs*

Plaintiff's counsel initially represented that they intended to seek an award of attorneys' fees up to approximately one-third of the settlement fund, or $4,329,000, plus interest earned thereon at the same rate as the fund. (Mtn. at 23.) Counsel also represented their intention to seek no more than $85,000 in litigation costs (*Id.* at 23–24), to include up to $5,000 to reimburse plaintiff Tyler Hogge

[1] In January 2026, the firm changed its name to Glancy Prongay Wolke & Rotter LLP. Dkt. No. 65.

United States District Court
Northern District of California

pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. Section 78u-4(a)(4). (Mtn. at 25; Krajcer Decl. ¶ 67.)

In supplemental briefing filed after the hearing, plaintiff's counsel revised the proposed form of notice to provide that they "will apply to the Court for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund." (Dkt. No. 81 at 2 (quoting Amended Settlement Agreement Ex. A-1 ("Long Notice or Long Not.").)

The common settlement fund also includes a provision for $165,000 to $175,000 in estimated notice and administration costs, which shall be paid pursuant to the Amended Settlement Agreement. (Mtn. at 23; Krajcer Decl. ¶ 52.)

***2. Class Relief***

After deductions from the common fund for the items listed above and taxes, the net fund will be distributed among the participating class members. Class members will be paid on a *pro rata* basis based on the estimated amount of artificial inflation in the per-share closing price of Marqeta's Common Stock[2] allegedly caused by defendants' alleged false and misleading statements. (Mtn. at 18.) The average recovery is estimated to be $0.14 per Marqeta Security ***before*** deduction of Court-approved fees and expenses and costs of notice and claims administration, which results in $0.11 in net recovery per Marqeta Security ***after*** such deductions.[3] (Long Not. ¶¶ 3, 5; Krajcer Decl. ¶ 23.) The settlement fund will be allocated among all Authorized Claimants whose distribution amount is $10 or greater. (Long Not. ¶ 66; Krajcer Decl. ¶ 41.) Under the Amended Settlement Agreement, each "Authorized Claimant's *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund." (Mtn. at 11; Krajcer Decl. ¶ 39.) The Long Notice explains that "it is not possible to make any determination as to how much any individual Settlement Class

[2] Unless defined otherwise, all capitalized terms herein have the same meaning as set forth in the Amended Settlement Agreement.

[3] The Long Notice provides that "[e]stimates of the average cost per affected Marqeta Security, if the Court approves Lead Counsel's fee and expense application, is $0.04 per share." Long Not. ¶ 5. In later communications with the Court, plaintiff's counsel confirmed that the estimated average recovery of $0.11 per eligible Marqeta Security after deductions of costs is a result of rounding.

Member may receive from the Settlement." (Long Not. ¶ 44.) The Amended Settlement Agreement provides that no amount will revert to defendants. (Amended Settlement Agreement ¶ 13.)

***3. Cy Pres/Remainder***

As provided in the Long Notice, to the extent any monies remain in the settlement fund nine (9) months after the initial distribution, the claims administrator shall re-distribute the remaining funds, if it is cost-effective to do so, after payment of any unpaid fees and expenses incurred in administering the settlement. (*See* Long Not. ¶ 80; Krajcer Decl. ¶ 41.) Additional re-distributions may occur thereafter if cost effective. (Long Not. ¶ 80; Krajcer Decl. ¶ 41.) At such time as lead counsel determines, in consultation with the claims administrator, that re-distribution would no longer be cost-effective, any remaining balance will be paid to the *cy pres* recipient, the Public Justice Foundation. (Krajcer Decl. ¶ 42.) Ninth Circuit law requires that there be "a driving nexus between the plaintiff class and the *cy pres* beneficiaries." *See Tabak v. Apple, Inc.*, 2024 WL 4642877, at *7 (N.D. Cal. Oct. 30, 2024) (internal quotation marks and citation omitted).

## II. PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

### A. Legal Standard

A court may approve a proposed class action settlement only "after a hearing and only on finding that it is fair, reasonable, and adequate," and that it meets the requirements for class certification. Fed. R. Civ. P. 23(e)(2). In reviewing the proposed settlement, a court need not address whether the settlement is ideal or the best outcome, but only whether the settlement is fair, free of collusion, and consistent with plaintiff's fiduciary obligations to the class. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). The *Hanlon* court identified the following factors relevant to assessing a settlement proposal: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of class members to the proposed settlement. *Id.* at 1026 (citation omitted); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

Settlements that occur before formal class certification also "require a higher standard of fairness." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). In reviewing such settlements, in addition to considering the above factors, a court also must ensure that "the settlement is not the product of collusion among the negotiating parties." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011).

### B. Class Definition and Basis for Conditional Certification

The Amended Settlement Agreement, attached hereto as **Exhibit A**, defines the class as:

> [A]ll persons and entities that purchased or otherwise acquired the publicly traded Class A common stock of Marqeta, Inc. ("Marqeta Common Stock"), and/or purchased or otherwise acquired publicly traded call options on such stock ("Marqeta Call Options"), and/or wrote publicly traded put options on such stock ("Marqeta Put Options"), between February 28, 2024 and November 4, 2024, both dates inclusive, and who were damaged thereby.

("Settlement Class" or "Class"). (Amended Settlement Agreement ¶ 1(ww).) The Amended Settlement Agreement further excludes from the class definition:

> (a) persons and entities that suffered no compensable losses; and (b)(i) Defendants; (ii) any person who served as a partner, control person, officer, and/or director of Marqeta during the Settlement Class Period, and members of their Immediate Families; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Marqeta; (iv) any entity in which the Defendants have or had a controlling interest; (v) any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Families; (vi) Defendants' D&O Insurers; and (vii) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof.

(*Id.*) "Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court." (*Id.*)

The proposed Settlement Class differs from the class alleged in the operative complaint in two respects. *First*, the proposed Class specifies that the Marqeta securities subject to the settlement include only (i) publicly traded Marqeta Class A common stock traded on the NASDAQ under the symbol "MQ" and (ii) publicly traded put and call options on Marqeta Common Stock, thereby excluding non-publicly traded Marqeta securities from the settlement. *Second*, the additional exclusions help ensure that (i) only investors who were damaged and who wish to be part of the

Settlement Class receive compensation and (ii) no defendants benefit from the settlement. (*See* Krajcer Decl. ¶ 18.)

The Court finds that, for purposes of settlement, plaintiff has satisfied the requirements of Rule 23(a) as well as the requirements for certification under one or more subsections of Rule 23(b).

With respect to numerosity under Rule 23(a)(1), since Marqeta Common Stock was traded on NASDAQ during the class period, plaintiff contends there "are likely thousands of Settlement Class members." (Mtn. at 16.) Thus, the Class is so numerous that joinder of all members is impracticable.

Commonality under Rule 23(a)(2) requires "questions of law or fact common to the class," though all questions of fact and law need not be in common. *Hanlon*, 150 F.3d at 1026. The focus of this action—(i) whether defendants made materially false or misleading public statements (ii) with scienter that (iii) artificially inflated the market price of Marqeta stock, (iv) causing damages—is common to all proposed Class members.

Rule 23(a)(3) requires that the plaintiff show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Plaintiff's and members of the proposed Class's claims all derive from the same legal theories and set of operative facts—namely, defendants' statements and their effects on the market price of Marqeta stock—making plaintiff's claims typical of proposed Class members.

With respect to Rule 23(a)(4), the Court finds the representative party and proposed Class counsel have fairly and adequately represented the interests of the proposed Class. No conflicts of interest appear as between plaintiff and the members of the proposed Class. Proposed Class counsel have demonstrated that they have vigorously prosecuted this case in the best interest of plaintiff and are highly experienced in securities class actions. They are therefore adequate to represent the proposed Class as well.

The proposed Class further satisfies Rule 23(b)(3) in that common issues—namely, materiality, loss causation, falsity, and scienter—predominate and "a class action is superior to other available methods for fairly and efficiently adjudicating" the claims here. After deduction of fees, costs, and expenses, the estimated average recovery under the Amended Settlement Agreement is

United States District Court
Northern District of California

approximately $0.11 per eligible Marqeta Security, making litigating individually inefficient and a waste of judicial resources. (*See* Long Not. ¶ 5.)

Based on the foregoing, the proposed Class is conditionally certified pursuant to Rule 23(c).

**C. Settlement Agreement Appears Fair and Reasonable**

The Amended Settlement Agreement is granted preliminary approval pursuant to Rule 23(e)(2). Based upon the information before the Court, the Amended Settlement Agreement falls within the range of possible approval as fair, adequate and reasonable, and there is a sufficient basis for notifying the Class and for setting a fairness and final approval hearing.

The settlement recovery here, representing approximately 5.5–8.7% of the maximum damages that plaintiff's expert estimated were potentially available in this action, is more than twice the median percentage recovery in securities class actions with similar damages that have settled in the last ten years. (*See* Mtn. at 1 (citing Edward Flores, Svetlana Starykh, and Ivelina Velikova, *Recent Trends in Securities Class Action Litigation, 2025 Full-Year Review* (NERA, Jan. 21, 2026) at 27 (Fig. 23)).)

As to the *Hanlon* factors, the Court finds that they indicate the settlement here is fair and reasonable. Absent the settlement, plaintiff urges that he would still have had to overcome "substantial obstacles to proving liability and class-wide damages." (Mtn. at 7.) This included surviving the motion to dismiss—which was pending when the parties reached settlement—as well as class certification and summary judgment. Plaintiff also contends that success with respect to liability did not assure recovery and would have required a "battle of the experts" as to loss causation and damages. (*Id.* at 8.) Early settlement here avoids costly fact discovery, expert designations, expert discovery, class certification, motions for summary judgment, and trial, and there was the possibility of protracted appeals. The Court agrees that counsel for both parties are highly experienced, and the record does not indicate collusion or self-dealing. *See In re Bluetooth*, 654 F.3d at 946-47.

United States District Court
Northern District of California

Thus, the Amended Settlement Agreement appears to have been the product of arm's length and informed negotiations. The relief provided for the Class appears to be adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing Class members' claims;

(iii) the terms of any proposed award of attorneys' fees, including timing of payment; and

(iv) the parties' disclosure of their agreement, identified under Rule 23(e)(3), establishing that "Marqeta may terminate the Settlement if timely and valid requests for exclusion are submitted by would-be Settlement Class Members who, in the aggregate, purchased 5% or more of the total number of shares of Marqeta common stock publicly traded during the Settlement Class Period." (Dkt. No. 80 at 1.)

Moreover, the Amended Settlement Agreement appears to treat Class members equitably relative to each other, which it expressly contemplates. (*See* Krajcer Decl. ¶ 31.)

The Amended Settlement Agreement also remedies the Court's concerns regarding the prior agreement's overbroad release language. Under the Amended Settlement Agreement, the parties agree to release:

> [A]ll claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that Plaintiff or any other member of the Settlement Class: (i) asserted in the operative Complaint (ECF No. 47); or (ii) could have asserted in any forum that arise out of both (a) the allegations, transactions, facts, matters, events or occurrences, representations or omissions set forth, or referred to, in the operative Complaint, and (b) the purchase, acquisition or sale of Marqeta Securities during the Settlement Class Period."

(Amended Settlement Agreement ¶ 1(qq).)

Based on the foregoing, the Court conditionally certifies the Class and provisionally appoints the law firm of Glancy Prongay Wolke & Rotter LLP as Class counsel ("Class Counsel") and plaintiff Tyler Hogge as Class representative ("Class Representative").

United States District Court
Northern District of California

## III. Plan of Notice, Allocation, and Administration

### A. Notice Plan

A court must "direct notice [of a proposed class settlement] in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). "[T]he class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice . . . ." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982). Adequate notice must: (1) be the best notice practicable; (2) be reasonably calculated, under the circumstances, to apprise the class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (3) be reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meet all applicable requirements of due process and any other applicable requirements under federal law. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

Under the plan, the parties propose to send by first-class mail individual copies of the postcard-form notice ("Postcard Notice"), and/or to email a link to the Long Notice and proof of claim and release form ("Claim Form") to all Settlement Class members who can be identified with reasonable efforts, as well as to brokerage firms and other nominees who regularly act as nominees for beneficial purchasers of stock. (Mtn. at 21.) Contemporaneously, copies of the Long Notice and Claim Form will be posted on a website to be developed for the settlement, from which copies of the Long Notice and Claim Form can be downloaded, and where claims can be submitted online. (*Id.*) By ten (10) business days after the Postcard Notices are mailed, the summary-form notice ("Summary Notice") will be published in the national edition of *Investor's Business Daily* and transmitted once over the *PR Newswire*. (*Id.*)

The parties' proposed notice plan appears to be constitutionally sound in that plaintiff has made a sufficient showing that it: (1) is the best notice practicable; (2) is reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their

right to object or to exclude themselves as provided in the Amended Settlement Agreement; (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meets all applicable requirements of due process and any other applicable requirements under federal law. Moreover, the amendments to the Long Notice reflected in the filing at Dkt. No. 81-2 remedy the Court's prior concerns expressed at the hearing.

The Court approves the forms of the Long Notice, attached hereto as **Exhibit A-1** to this Order; the Summary Notice, attached hereto as **Exhibit A-3**; and the Postcard Notice, attached hereto as **Exhibit A-4**. Taken together, these notices are sufficient to inform Class members of the terms of the Amended Settlement Agreement, their rights under the Amended Settlement Agreement, their rights to object to or comment on the Amended Settlement Agreement, their rights to receive a payment or opt out of the Amended Settlement Agreement, the process for doing so, and the date and location of the fairness and final approval hearing. The forms of plan of notice are therefore **APPROVED**.

**B. Plan of Allocation**

The Court preliminarily approves the proposed plan of allocation set forth in the motion and the Class notices, which proposes an equitable basis to allocate the Net Settlement Fund among all Class Members who submit an acceptable Claim Form. The plan was developed by Class Counsel with the assistance of a consulting damages expert and reflects an assessment of damages that plaintiff contends could have been recovered under his theories of liability. (*Id.* at 18.) Under the plan, an Authorized Claimant's *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.[4] (*Id.* at 11; Krajcer Decl. ¶ 39.) If the prorated payment to be distributed to any Authorized Claimant is less than $10.00, no distribution will be made to that Authorized Claimant because such distribution is anticipated to be cost-

[4] Settlement proceeds available for Marqeta Call Options purchased during the Settlement Class Period and Marqeta Put Options written during the Settlement Class Period shall be limited to one percent of the Net Settlement Fund because call and put option trading accounted for approximately one percent of total dollar trading volume for Marqeta Securities during the Settlement Class Period. Krajcer Decl. ¶¶ 38 & 38 n.5.

United States District Court
Northern District of California

prohibitive. (Krajcer Decl. ¶ 41.) The claims administrator will review and process the claims under the supervision of Class Counsel and will provide claimants with an opportunity to cure any deficiencies in their claim(s) or request review of the denial of their claim(s) by the Court. (Mtn. at 23.)

In connection therewith, the Court approves the Claim Form, attached hereto as **Exhibit A-2**. The Claim Form must be received by no later than December 31, 2026 for the Class member to be eligible to receive a distribution from the settlement fund.

**C. Claims Administrator**

Epiq Class Action and Claims Solutions, Inc. is appointed to act as the claims administrator ("Claims Administrator"), pursuant to the terms set forth in the Amended Settlement Agreement.

The Claims Administrator shall distribute the Class notice according to the notice plan described in the Amended Settlement Agreement and substantially in the form approved herein, by no later than October 2, 2026. Proof of distribution of the Class notice shall be filed by the parties in conjunction with the motion for final approval.

Defendant Marqeta is directed to provide the Claims Administrator with record shareholder lists in electronic format (consisting of names, addresses and, if available, email addresses), as specified by the Amended Settlement Agreement, no later than September 11, 2026. (Amended Settlement Agreement ¶ 19; Dkt. No. 71-3 ¶ 21.)

**D. Exclusion/Opt-Out**

Any Class member shall have the right to be excluded from the Class by mailing a request for exclusion to the Claims Administrator, provided it is *received* by no later than December 22, 2026. Requests for exclusion must be in writing and (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In Re Marqeta, Inc. Securities Litigation*, Case No. 4:24-cv-08874-YGR"; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. (Krajcer Decl. ¶ 62; Long Not. ¶ 84.) In addition, a request for exclusion must state

United States District Court
Northern District of California

the number and type of Marqeta securities that the person or entity requesting exclusion purchased, acquired, wrote, and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale/writing. (Krajcer Decl. ¶ 62; Long Not. ¶ 84.)

No later than 7 days before final hearing, Class Counsel shall file with the Court a list of all persons or entities that have timely requested exclusion from the Class, as provided in the Amended Settlement Agreement.

Any Class member who does not request exclusion from the Settlement Class as provided above shall be bound by the terms and provisions of the Amended Settlement Agreement upon its final approval, including but not limited to the releases, waivers, and covenants described in the Amended Settlement Agreement, whether or not such person or entity objected to the Amended Settlement Agreement and whether or not such person or entity makes a claim upon the settlement funds.

**E. Objections**

Any Class member who does not submit a timely request for exclusion from the Amended Settlement Agreement shall have the right to object to (1) the Amended Settlement Agreement, (2) the plan of allocation; and/or (3) Class Counsel's motion for attorneys' fees and expenses, including the proposed reimbursement to the Class Representative pursuant to the PSLRA, by filing a written objection with the Court and stating whether they intend to appear at the fairness hearing, as set forth in the Class notice, by no later than December 22, 2026. Failure to submit a timely written objection will preclude consideration of the Class member's later objection at the time of the fairness hearing.

**F. Attorneys' Fees, Costs, and Class Representative Reimbursement**

Class Representative and Class Counsel shall file their motion for attorneys' fees and expenses, including for reimbursement to the Class Representative, by no later than November 17, 2026. Each Settlement Class member shall have the right to object to the motion by filing a written objection with the Court no later than December 22, 2026.

**G. Fairness and Final Approval Hearing**

All briefs, memoranda and papers in support of final approval of the settlement shall be filed no later than November 17, 2026.

The Court will conduct a fairness and final approval hearing on Tuesday, January 12, 2027 at 9:00 a.m. PT, to determine whether the Amended Settlement Agreement should be granted final approval as fair, reasonable, and adequate as to the Class. The Court will hear all evidence and argument necessary to evaluate the Amended Settlement Agreement and will consider Class Counsel's motion for attorneys' fees and expenses, including for reimbursement to the Class Representative.

Class members may appear, by counsel or on their own behalf, to be heard in support of or in opposition to the Amended Settlement Agreement and Class Counsel's motion for fees and expenses by filing a notice of intention to appear by no later than January 5, 2027.

The Court reserves the right to continue the date of the final approval hearing without further notice to Class members.

The Court retains jurisdiction to consider all further applications arising out of or in connection with the settlement.

**H. Post-Distribution Accounting**

If final approval is granted, the parties will be required to file a post-distribution accounting in accordance with this District's Procedural Guidance for Class Action Settlements and at a date set by the Court at the time of the final approval hearing. Counsel should prepare accordingly.

| **Summary of Key Dates** | |
|---|---|
| **Event** | **Date** |
| Marqeta to provide the Claims Administrator with record shareholder lists in electronic format (consisting of names, addresses and, if available, email addresses) | September 11, 2026 |
| Distribution of Class notice ("Notice Date") | October 2, 2026 |
| Deadline for publishing Summary Notice | October 19, 2026 |
| Class Counsel to file motion for attorneys' fees and expenses, including for Class Representative reimbursement | November 17, 2026 |
| Motion for final approval to be filed by | November 17, 2026 |
| Deadline for *receipt* of objection or request for exclusion | December 22, 2026 |

| | |
|---|---|
| Deadline for *receipt* of Claim Form | December 31, 2026 |
| Class Counsel and Claims Administrator to submit supplemental statements regarding status of notice program, objections, opt-outs | January 5, 2027 |
| Fairness and final approval hearing | January 12, 2027 at 9:00 a.m. PT<br><br>NOTE: Subject to change without further notice to the Class. |

**IT IS SO ORDERED.**

This terminates Docket No. 70.

Dated: September 3, 2026

YVONNE GONZALEZ ROGERS
CHIEF UNITED STATES DISTRICT JUDGE

United States District Court
Northern District of California